People v Thompson (2023 NY Slip Op 50644(U))

[*1]

People v Thompson (Tashad)

2023 NY Slip Op 50644(U)

Decided on June 30, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

&em;
571248/18

The People of the State of New York, Respondent, 
against
Tashad Thompson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Patsy Gouldborne, J.), rendered November 9, 2018, after a nonjury trial, convicting him of aggravated unlicensed operation of a motor vehicle in the second and third degrees, and imposing sentence.

Per Curiam.
Judgment of conviction (Patsy Gouldborne, J.), rendered November 9, 2018, reversed, on the law, the information dismissed, and any fine and surcharge paid by defendant is remitted.
We agree with defendant that the information charging aggravated unlicensed operation of a motor vehicle in the second and third degrees (see Vehicle and Traffic Law §§ 511[1][a], 511[2][a][iii]) is jurisdictionally defective because it failed to contain nonconclusory factual allegations to support an essential element of the offenses, namely, that defendant operated a motor vehicle on a public highway "while knowing or having reason to know" of the suspension or revocation of his license (see Vehicle and Traffic Law § 511[1],[2]). The complaint itself is devoid of any factual allegations from which it can be inferred that defendant had the requisite knowledge. Nor, as the People contend, is defendant's knowledge properly inferable from the November 5, 2016 "complied on" notation contained in the supporting deposition, the abstract of defendant's driving record. Given the absence of any explanation whatsoever for the "complied on" notation within the four corners of the accusatory instrument, such notation is, without more, too conclusory to support the inference that defendant surrendered his license to the Department of Motor Vehicles on November 5th, 2016, and therefore had knowledge that his licence was suspended.
We further note that Criminal Court should not have looked beyond the four corners of the accusatory instrument, including the supporting deposition, in an attempt to salvage the instrument's sufficiency (see People v Slade, 37 NY3d 127, 136-137 [2021]; People v Hardy, 35 NY3d 466, 475 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concurI concur
Decision Date: June 30, 2023